PINCAY INVESTMENTS COMPANY,
Myron Harris, Carlos Pellerano, Cree-
don Capital LDC, Cheyne Fund LP,
DC Capital Partners, LP, Gregory
Gill, Plaintiffs—Appellees,

Charles D. Chalmers, Plaintiff—
Appellant,

v.

COVAD COMMUNICATIONS GROUP,
INC., Robert E. Knowling, Mark
Perry, Defendants.

No. 03–15158.

D.C. No. CV–00–03891–PJH.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2003.*

Decided Feb. 18, 2004.

Reed R. Kathrein, Patrick J. Coughlin, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Francisco, CA, William S. Lerach, Joseph D. Daley, Keith F. Park, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, Andrew L. Barroway, Schiffrin & Barroway, Bala Cynwyd, PA, Steven E. Cauley, Cauley & Geller LLP, Little Rock, AR, for Plaintiffs–Appellees.

Charles D. Chalmers, Pro Se, Mill Valley, CA, for Plaintiff–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2); 9th Cir. R. 34–4. This court granted appellees' motion to waive oral argument on November 18, 2003.

Melvin R. Goldman, Jordan Eth, Morrison & Foerster, LLP, San Francisco, CA, for Defendants.

Before BRIGHT,** D.W. NELSON, and RYMER, Circuit Judges.

### MEMORANDUM***

Charles D. Chalmers appeals pro se the district court's approval of a plan of distribution ("Plan"), including allocation of fees, pursuant to the class action arising out of the securities fraud by Covad Communications Group, Inc. ("Covad"). We affirm.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's approval of a plan of distribution for abuse of discretion but consider any legal questions de novo. *See In re Exxon Valdez,* 229 F.3d 790, 795 (9th Cir.2000). We also review the district court's award of class counsel fees for abuse of discretion. *In re FPI/Agretech Sec. Litig.,* 105 F.3d 469, 472 (9th Cir.1997).

Chalmers maintains that the district court abused its discretion by approving the Plan. In this regard, Chalmers points to several allegations of error, including that the Plan did not sufficiently describe all classes to the Plan; the method for calculating damages for each class was inappropriate; the Plan did not adequately consider the terms of Covad's bankruptcy; and the lead plaintiffs should not have received compensation for lost wages under the Plan.

■ A class settlement must be fundamentally fair, adequate, and reasonable. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d

454, 458 (9th Cir.2000). Assessing a settlement proposal requires a district court to comprehensively balance and explore a number of factors, including as appropriate: (1) the risk, expense, complexity, and likely duration of further litigation; (2) the risk of maintaining class action status throughout the trial; (3) the amount offered in settlement; (4) the extent of discovery completed and the stage of the proceedings; (5) the experience and views of counsel; and (6) the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir.1998).

The district court acted within its discretion: it reviewed the balancing of factors and considered Chalmers' objections. *See Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1376 (9th Cir.1993) (holding that the district court did not abuse its discretion in considering relevant factors, including bankruptcy, in approving a settlement plan). Chalmers offers conclusory statements in arguing that the district court abused its discretion. We reject Chalmers' contentions and affirm the district court's approval of the settlement.

■ Chalmers also asserts that the district court abused its discretion in approving the Plan's allocation of twenty-five percent of the settlement in attorney's fees. In a common fund case, the district court has discretion to apply either the lodestar method or the percentage-of-the-fund method in calculating the fee award. *Fischel v. Equitable Life Assurance Soc'y,* 307 F.3d 997, 1006 (9th Cir.2002). This court has established twenty-five percent as a benchmark in percentage-of-the-fund cases

---

** The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

that can be adjusted upward or downward to account for any unusual circumstances presented by a particular case. *Id.; see also In re Pac. Enters. Sec. Litig.,* 47 F.3d 373, 379 (9th Cir.1995) ("[t]wenty-five percent is the 'benchmark' that district courts should award in common fund cases"). In the present case, the district court explained its reasons for applying the benchmark fee and determined that no unusual circumstances existed requiring an upward or downward adjustment. *See Fischel,* 307 F.3d at 1007 (stating that a district court may, but is not required to, compare the different methods for calculating reasonable fees). In the circumstances of the instant case, the district court did not abuse its discretion in using the percentage-of-the-fund method or in applying the benchmark in determining reasonable attorney's fees.

In sum, the district court gave an adequate hearing and consideration to Chalmers' objections to the Plan. Accordingly, we affirm the final judgment and the underlying orders appealed in this case.

**AFFIRMED.**